# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:14CR350 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DANIEL GOYNES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the "Independent Action, Fraud, Misrepresentation, Showing Just Cause to Set Aside Judgment, Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(3)(6) and Rule 60(d)(1)(3) Pro Se," submitted by Defendant Daniel Goynes, ECF No. 52. The Court will construe the Defendant's Motion as one submitted pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence, by a person in federal custody.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Goynes pled guilty to Counts III and IV of the Indictment, charging him with violations of 18 U.S.C. § 924(c) (using, possessing, or carrying a firearm in connection with a drug trafficking offense) and 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (possession of

cocaine base with intent to distribute). He was sentenced to a term of 99 months incarceration (60 months on Count III and 33 months on County IV, consecutive), followed by three years supervised release on each count, concurrent, pursuant to the parties' Rule 11(c)(1)(C) plea agreement. Judgment was entered on June 23, 2015, and the Defendant did not appeal. In the parties' plea agreement, the Defendant waived his right of appeal and collateral attack.

**DISCUSSION**

28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Goynes's final judgment was entered on June 23, 2015, his motion is untimely.

Even if the Defendant's Motion were timely it would still fail on the merits. He contends that his plea agreement contained an insufficient factual basis to support his conviction, and that his counsel was ineffective for failing to recognize deficiencies in the Indictment and plea agreement. The Court finds no deficiencies in the Indictment nor the plea agreement, and notes that the plea colloquy demonstrated that the Defendant understood the nature of the charges against him, the factual basis for those charges, the provisions in the plea agreement, and was fully satisfied with his representation.

Accordingly, Goynes is not entitled to relief and his motion will be summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of the "Independent Action, Fraud, Misrepresentation, Showing Just Cause to Set Aside Judgment, Pursuant to

Federal Rules of Civil Procedure, Rule 60(b)(3)(6) and Rule 60(d)(1)(3) Pro Se," submitted by Defendant Daniel Goynes, ECF No. 52, which the Court has construed as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody; ;

2. Upon initial review, the Court summarily dismisses Defendant's Motion, ECF No. 52;

3. A separate Judgment will be issued denying the motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 25th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge